IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS BUSTAMANTE PEREZ, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | No. 3:07-cr-154-K(11) |
| V. | ) | No. 3:12-cv-4144-K |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

Movant Carlos Bustamante Perez ("Bustamante"), a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is denied.

I.

Bustamante pled guilty to conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, pursuant to a written plea agreement and factual resume. That plea agreement contained a waiver of many of Bustamante's rights to bring a direct appeal or challenge his conviction and sentence in a collateral proceeding. On February 23, 2011, the Court sentenced Bustamante to a term of imprisonment of 120 months imprisonment. Bustamante's direct appeal was dismissed pursuant to his waiver after his lawyer filed an *Anders* brief certifying that there were no nonfrivolous issues for

1

appeal. *United States v. Perez*, 453 F. App'x 490 (5th Cir. Dec. 13, 2011). Bustamante then filed this timely motion under 28 U.S.C. § 2255.

## II.

In two related grounds for relief, Bustamante contends that the Court should have reduced his offense level under Section 3B1.2 of the United States Sentencing Guidelines because he was a minor or minimal participant in the drug conspiracy. He further claims that his attorney was ineffective for failing to research the issue and urge the Court to apply the mitigating role reduction.

In his reply brief, Bustamante appears to assert a new claim, alleging that his guilty plea was involuntary. A review of the claim and a transcript of Bustamante's rearraignment hearing, *see* Dkt. No. 363, shows that his guilty plea was knowingly and voluntarily given. The Court is not further considering the claim, as new claims raised for the first time in a reply brief need not be considered. *See United States v. Sangs,* 31 F. App'x 152, 2001 WL 1747884, at *1 (5th Cir. Dec. 11, 2001) (affirming, in § 2255 context, district court's refusal to consider issue raised for the first time in reply to government's answer to habeas petition) (citing *United States v. Cervantes,* 132 F.3d 1106, 1111 (5th Cir. 1998)).

A.

Initially, Bustamante claims that he was a minor or minimal participant in the drug conspiracy, and his sentence should have been reduced pursuant to Section 3B1.2 of the Sentencing Guidelines. However, a misapplication of the Sentencing Guidelines does not fall within the narrow category of claims subject to review under section 2255. *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999). Consequently, this ground for relief is overruled.

B.

In a related claim, Bustamante states that his attorney, Frank Perez, was ineffective for failing to investigate and argue the applicability of Section 3B1.2 of the Sentencing Guidelines. The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.* at 687. Second, the defendant must establish prejudice; that is, that he was subjected to increased jail time due to the deficient performance of his attorney. *United States v. Grammas,* 376 F.3d 433, 439 (5th Cir. 2004) (citing *Glover v. United States,* 531

U.S. 198, 203 (2001)).  There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.  *See Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989).

Bustamante cannot establish that his attorney was ineffective for failing to argue for a mitigating role reduction under Section 3B1.2 because counsel did, in fact, make that argument.  In written objections to the Addendum to the United States Presentence Investigation Report, defense counsel urged that Bustamante should not be held responsible for any methamphetamine amounts and "defendant should be given the benefit of a mitigating role" under Section 3B1.2.  *See* Dkt. No. 349 at 6-7.  Counsel renewed the objection at sentencing, arguing that Bustamante "was not a member on the la Familia drug organization.  He played a different role. . . .  He was not a major player in that organization."  *See* Dkt. No. 360 at 5.  However, the Government submitted testimony that Bustamante was not a minor participant in the cocaine conspiracy or methamphetamine sales for which he was being held responsible; instead, he brokered a number of deals and had physical possession of the drugs.  *See id.* at 15-17.  Accordingly, the Court overruled Bustamante's objection and found that he was not entitled to a reduction under Section 3B1.2 of the Sentencing Guidelines.  *Id.* at 18.  Because counsel raised this objection and it was overruled by the Court, Bustamante cannot establish that he was subjected to any increased jail time as a result of his attorney's deficient performance.

4

III.

For the foregoing reasons, the instant motion to correct, vacate, or set aside defendant's sentence filed pursuant to 28 U.S.C. § 2255 is DENIED.

**SO ORDERED.**

**SIGNED this 12**[th] **day of February, 2013.**

*Ed Kinkeade*

**ED KINKEADE**
**UNITED STATES DISTRICT JUDGE**